## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MINA WOODS, as administrator for the<br>ESTATE OF QUADRY MALIK SANDERS,<br><br>            Plaintiff,<br><br>vs.<br><br>POLICE OFFICER ROBERT HINKLE,<br>POLICE OFFICER NATHAN RONAN,<br>CITY OF LAWTON,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)      Case No. CIV-22-596-D<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendants Robert Hinkle and Nathan Ronan's Unopposed Motion to Stay Civil Proceedings and Time to File Responsive Pleading [Doc. No. 17]. The motion request that this matter be stayed pending the resolution of criminal proceedings against Defendants Hinkle and Ronan that arise from the same underlying facts involved in this lawsuit. The motion represents that it is unopposed by both Plaintiff and Defendant City.

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Indeed, a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id*. (quotation marks and citation omitted). Nevertheless, a district court may exercise its discretion to "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of

justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). When deciding whether the interests of justice require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc*., 563 F.3d at 1080. Civil proceedings may also be stayed "for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.*

In determining whether a stay is appropriate, courts often balance the following six factors: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *See Graham for Est. of Huff v. Garfield Cty. Det. Ctr*., 2018 WL 4035971 at *3 (W.D. Okla. Aug. 23, 2018); *In re CFS-Related Sec. Fraud Litig*., 256 F. Supp. 2d 1227, 1237 (N.D. Okla. 2003).

The first factor is the most important. *Berreth v. Frazee*, No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019). "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). This is so because "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination." *Id*. at 1376; *see also Trustees of Plumbers & Pipefitters Nat. Pension Fund*

*v. Transworld Mech., Inc*., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("…self-incrimination is more likely if there is a significant overlap.").

Here, the issues raised in the civil case substantially overlap with the issues raised in the criminal case because they arise from the exact same event – an alleged use of deadly force against Plaintiff's decedent. The substantial overlap between the criminal and civil case raises legitimate concerns that Defendants' Fifth Amendment rights will be implicated and distinguishes this case from situations where courts have declined to grant a stay. *See Creative Consumer Concepts, Inc*., 563 F.3d at 1081 (affirming district court's denial of stay where "there was limited overlap between the issues and evidence in the civil and criminal case").

The second factor, the status of the case, similarly weighs in favor of granting a stay. A stay is most appropriate after charges have been filed because "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued" and "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Transworld Mech., Inc*., 886 F. Supp. at 1139; *see also Berreth v. Frazee*, No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *2 (D. Colo. Apr. 1, 2019) ("[T]he fact that an indictment has been returned against Defendant is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case."). Criminal proceedings have already been initiated against Defendants in state court, which increases the risk of self-incrimination and potentially reduces the need for a long delay in the civil case.

The remaining factors speak to the interests of the parties, the Court, and the public. While the Court and the public certainly have a strong interest in the prompt resolution of civil cases, awaiting the resolution of the criminal case may be the more efficient path because it could "(1) increase the possibility of settlement of the civil case, and (2) may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *6 (D. Colo. Dec. 20, 2010) (internal quotation omitted). Additionally, here, Plaintiff does not oppose a stay of the proceedings.

Accordingly, upon considering the relevant factors, the Court finds that a stay is warranted in this case.

## CONCLUSION

Defendants Robert Hinkle and Nathan Ronan's Unopposed Motion to Stay Civil Proceedings and Time to File Responsive Pleading [Doc. No. 17] is GRANTED. Defendants Hinkle and Ronan are granted an extension of time, until further order of the Court, to answer or otherwise respond to Plaintiff's Complaint and the proceedings in this matter shall be stayed until December 1, 2022. The parties are directed to file, on or before December 1, 2022, a report as to the status of the criminal case. If the criminal case is resolved before then, the parties are directed to advise the Court immediately upon resolution.

**IT IS SO ORDERED** this 30th day of September, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge